BANK OF THE METROPOLIS. (GUTTSCHLICK v.)  See Case No. 5,880.

## Case No. 901.

**BANK OF THE METROPOLIS v. MOORE.**

[5 Cranch, C. C. 518.] [1]

Circuit Court, District of Columbia.  Nov. Term, 1838.[2]

NEGOTIABLE INSTRUMENTS — POWER OF ·ATTORNEY FOR RENEWAL — ACTS BEYOND AUTHORITY — USURY.

1. Under a power of attorney from several persons to sign a joint promissory note, the at-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in 1 Pet. (26 U. S.) 89.]

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in 13 Pet. (38 U. S.) 302.]

torney may make a joint and several promissory note, the purpose of the parties being to renew a joint and several note which had been discounted by the plaintiff; or if the power was defective, the note was only void to the extent to which the attorney exceeded his authority; that is, as a several note, but was valid as a joint note.

[See note at end of case.]

2. This discount, by a bank, of a note made payable directly to itself, is not usurious; such being the usage of the banks.

[See Bradley v. McKee, Case No. 1,784.]

[At law. Action upon a promissory note by the Bank of the Metropolis against Thomas P. Moore. Judgment for plaintiff. This was subsequently affirmed by the supreme court in Moore v. Bank of the Metropolis, 13 Pet. (38 U. S.) 302.]

Assumpsit upon the following promissory note: "$5,000. Washington, 16th February, 1837. Sixty days after date, we jointly and severally promise to pay the president and directors of the bank of the Metropolis, or order, at the said bank, five thousand dollars, for value received. Richard M. Johnson, Thomas P. Moore, P. H. Pope, by their attorney, George Thomas." The first count of the declaration states, that on the 16th of February, 1837, the defendant and one Richard M. Johnson, and one P. H. Pope, by George Thomas, their attorney, at Washington county, made their note, &c., and thereby, sixty days after the date thereof, jointly and severally promised to pay, &c. The second count avers, that the defendant, on the 16th of February, 1837, by George Thomas, his attorney, at the county aforesaid, made his certain note, &c., and thereby, sixty days after the date thereof, promised to pay, &c. To these were added the common money counts, one of which was for money had and received to the plaintiff's use. The cause came to trial upon the general issue.

Mr. Coxe, for the plaintiffs, offered in evidence the note of the 16th of February, 1837, and the following power of attorney to Mr. Thomas, who was also cashier of the plaintiff's bank. "Whereas we have a joint and several note of hand, discounted in the Bank of the Metropolis: Now, know all men by these presents, That we, Richard M. Johnson, Thomas P. Moore, and P. H. Pope, all of the state of Kentucky, do hereby nominate, constitute, and appoint, George Thomas, of the city of Washington, our true and lawful attorney in fact, and by these presents do authorize and empower him, for us and in our names, to sign our joint note to the president and directors of the Bank of the Metropolis, for five thousand dollars, for our accommodation, and the same to renew from time to time as it may become due, for the whole or any part thereof. Hereby ratifying and confirming all and every the act and acts of our said attorney, in and about the premises, so long as the bank shall continue the accommodation to us. In witness where-

of, we have hereunto set our hands and seals, at the city of Washington, the 29th day of February, 1836. Richard M. Johnson, (Seal.) P. H. Pope, (Seal.) T. P. Moore, (Seal.) Witness, Samuel Stettinius."

Brent & Brent, for the defendant, objected to the plaintiff's counsel reading the note in evidence, because it appeared to be a joint and several note, whereas the power of attorney only authorized Mr. Thomas to sign a joint note. Every power must be strictly pursued. Bank of Columbia v. Patterson, 7 Cranch, [11 U. S.] 299.

Mr. Coxe, contra. The power of attorney recites that they had a joint and several note discounted by the bank, and the presumption is that the note which they authorized Mr. Thomas to sign was intended to renew that joint and several note, and was to be such a note as would effect that object; but a joint note would not have been satisfactory to the bank; they would not have received it in lieu of the former note. But the plaintiffs may recover upon the common counts. The only difference is in the form of the action. If the note is a joint note only, the defendant cannot object to reading of it in evidence. He can only plead the non-joinder of the other parties to the note in abatement.

The plaintiff also offered evidence to prove that on the 27th of March, 1834, the defendant, with Richard M. Johnson and P. H. Pope obtained a discount of their joint and several note payable directly to the bank by its corporate name for $5,000 at four months, and drew the proceeds by their joint check, amounting to $4,896.67; which note was not paid at maturity, but laid over until the 30th of January, 1836, when it was cancelled, the arrears of interest paid up and a new joint and several note given by the same parties for $5,000, payable to the bank or order six months after date, which was also discounted by the bank, and the proceeds, (namely, $4,836.67,) carried to the credit of the makers. That Mr. Thomas, professing to act under and by virtue of the power of attorney aforesaid, made the note upon which the suit was brought, which was also discounted by the plaintiffs, and the proceeds, ($4,946.67,) carried to the credit of the makers, and the arrears of interest being paid up, the note of the 30th of January, 1836, was cancelled; to the admissibility of all which evidence, the defendant, by his counsel, objected; but

THE COURT, (CRANCH, Circuit Judge, contra) overruled the objection and admitted the whole of the evidence (including the note upon which the suit was brought,) to be given in evidence; and the defendant took his bill of exceptions.

THRUSTON, Circuit Judge, was understood as being of opinion that it appeared to be the intent of the parties to authorize Mr. Thomas to make such a note as would be received by the bank in lieu of the old joint and several note; and that the bank

would not have received a mere joint note in the place of a joint and several note; and that the power should be construed according to such intent.

MORSELL, Circuit Judge, was understood as being of opinion that if the power was defective, the note was only void to the extent in which the attorney exceeded his authority, and that it was good as a joint note, if not as a joint and several note.

CRANCH, Circuit Judge, was of opinion that the attorney, having exceeded his authority in making the note joint and several, it was altogether void, and was inadmissible upon the counts upon the note, if not upon all the counts; and that the court ought to reject it.

After the court had thus admitted the note in evidence, the plaintiff offered evidence, by the testimony of Mr. Thomas, the cashier, "that the money would not have been loaned but upon the joint and several note of the parties;" and that "the power of attorney was given for the single purpose of acting for said parties in relation to said last-mentioned note, and the renewal thereof," that is, the note of the 30th of January, 1836.[3]

The defendant's counsel, in addition to the evidence already stated, offered evidence tending to prove that the banks in Washington county in the District of Columbia, have been in the practice (some banks for less, and some for more than twenty years,) of taking and discounting notes in the form of the one now in suit, made directly to the banks or some of their officers for their use, whenever offered, and that the banks preferred to loan upon such paper; that the reason of this practice has been one of mutual convenience to the borrower and to the banks; the first being saved from the costs of protest; and the last being saved the risk of a failure to give notice to the indorser; and that it was very usual for the banks to lend money on a pledge of stock, taking in return the single note of the borrower payable to the banks or some of their officers without indorsement. That it had been the practice and usage of the said banks in this county, to discount, indiscriminately, paper on which there was an indorser or indorsers, or in which all the parties were drawers, and the paper drawn directly to the bank itself or some of its officers acting in its behalf; that both were considered equally the subjects of such discount, but that in all of the said banks the major part of the accommodation paper discounted was in the form of notes drawn by one party in favor of another person who indorsed it

to the bank; and that the note in suit was discounted in the usual manner. The defendant then offered evidence that on the 27th of March, 1834, the plaintiffs discounted the joint and several note of R. M. Johnson, P. H. Pope, and the defendant, for the amount of $5,000, and reserved out of the proceeds thereof $103.33 as interest or discount upon the same for four months and four days; that the said note laid over unpaid, until the 30th of January, 1836, when the sum of $450 was paid on the same as interest in arrear; and that on the same day a second note was given by the same parties to the plaintiffs in renewal of the first described note, payable in six months after its date, which was discounted by the plaintiffs, who at the time of discounting the same received the sum of $153.33 as interest on the same for six months and four days. That this note also laid over until the 16th of February, 1837, when the sum of $166.67 was paid on it as interest in arrear from the 30th of July, 1836, to the 16th of February, 1837, on which day the note in suit was given in renewal of the last described note, and was on the same day discounted by the plaintiffs, who then received the sum of $53.33 as the interest in advance for sixty-four days.

Whereupon the defendant's counsel prayed the court to instruct the jury, as follows:

1. That if they should believe, from the evidence, that the note in suit was given in renewal of other notes previously given by the same parties to the plaintiffs, who received or reserved in advance, as discount, the interest at the rate of six per cent. per annum on the amount of the debt mentioned in said notes or any of them, for the times they or any of them had to run, then the receipt or reservation of said interest in advance, is evidence of usury, and the jury may infer usury from the same.

2. That if the jury believe, from the evidence, that the note in suit was given in renewal of other notes successively given by the same parties to the plaintiffs for the amount of $5,000 loaned to the said parties by the plaintiffs, and that at the time of the original loan the plaintiffs reserved the interest on the said sum of $5,000, at the rate of six per centum per annum for the time the original note had to run; or that at the time of renewing or discounting the note in suit the plaintiffs received of the makers thereof, or any one for them, the interest in advance for the period of sixty-four days, then said facts are evidence of usury in the transaction, and the jury may infer usury from said facts, in said note in suit.

3. That if the jury believe from the evidence, that the note in suit was given to the plaintiffs in renewal of a note, for the same amount, drawn by the same parties directly to the plaintiffs as payees, payable six months after date, which had been previously discounted by the plaintiffs for the accommodation of the said parties; and that, on said note

---

[3] Upon this evidence being given, Cranch, C. J., made the following memorandum in his note-book: "This evidence was given after the court had decided that the note should be read in evidence; and perhaps decides the case in favor of the plaintiffs upon error in the supreme court; but although the intent may have been so, yet the means are not sufficient in law to execute that intent.  W. Cr."

drawn at six months, the plaintiff received, at the time of discounting it, the interest in advance, for six months and four days, at the rate of six per cent. per annum, on the amount of said note; the said facts are evidence of usury; and it is competent for the jury to infer usury in the note in suit.

4. That if the jury believe from the evidence, that the plaintiffs received, on the day of the date of the note in suit, the sum of $166.67 as and for interest alleged to be due from the 30th of July, 1836, to the 16th of February, 1837, (six months and seventeen days,) on a prior note for $5,000 given by the same parties to the plaintiffs, falling due on the said 30th of July, 1836, and that the note in suit was given in renewal of the said note falling due on the 30th of July, 1836, then the plaintiffs have taken illegal interest, and it is competent for the jury to infer that the note in suit was given in pursuance of an usurious agreement.

5. That the written power of attorney executed to George Thomas by the defendant, together with R. M. Johnson and P. H. Pope, gives no authority to said Thomas to execute a joint and several note in behalf of the said parties, and that the defendant cannot be charged in this action, by reason of any joint and several note purporting to be executed by the said R. M. Johnson, P. H. Pope, and this defendant, by the said Thomas, as their attorney under said written power.

But THE COURT (CRANCH, Circuit Judge, contra) refused to give any of the said instructions; and the defendant took his bill of exceptions.

CRANCH, Circuit Judge, dissented, because the transaction seemed to him,—from the evidence as stated in the prayer for the instructions,—to be a direct loan of the sum of $4,896.67, to be repaid at the end of the four months and four days, with the sum of $103.33 for the forbearance of the said sum of $4,896.67, for the said four months and four days, which was three dollars and thirteen cents more than at the rate of six per centum per annum, in direct violation of the statute of usury; and a practice in violation of the law cannot justify an illegal transaction. Interest in advance can only be justified in a regular mercantile discount of negotiable paper.

NOTE, [from original report.] The defendant carried the cause, by writ of error, to the supreme court, where the judgment was affirmed upon the money counts, without giving any opinion as to the admissibility of the note of the 16th of February, 1837. Upon the question of usury they would not permit the counsel for the plaintiff in error to argue; "the point being considered as settled;" but they did not say in what case. [Moore v. Bank of the Metropolis,] 13 Pet. [38 U. S.] 302.